## Grubnau Estate

*Henry C. Beerits*, for accountant.
*Eric A. McCouch*, for legateee.
*Francis H. Fitzpatrick*, for Commonwealth.

SAYLOR, J., June 8, 1965.—Helen Grubnau, also known as Helen B. Grubnau and Helen Bradford Grubnau, died January 18, 1964, survived by neither spouse nor issue. She left a will dated December 20, 1963, duly probated, by which she made cash bequests to each of two churches and directed that the residue of her

estate be paid to the trustees of the University of Pennsylvania for charitable purposes to be more fully described later herein. . . .

Since testatrix died within 30 days after the execution of her will, each of the gifts referred to above is invalid under section 7(1) of the Wills Act of April 24, 1947, P. L. 89, as amended, 20 PS §180.7(1), unless all who would benefit by its invalidity agree that it shall be valid, or unless the gift is identical and for substantially the same religious or charitable purpose as a valid gift made in a prior will.

By section third of her will, testatrix gave the sum of $1,000 to Oxford Presbyterian Church. This gift is invalid because it comes within the purview of the statute but not within any of the saving exceptions.

By section second of her will, testatrix gave the sum of $2,000 to the trustees of the First Presbyterian Church in Philadelphia. This gift, however, is saved, because it is identical with and for substantially the same religious purposes as a valid gift made in a prior will of testatrix, except that it is for a smaller amount. The fact that it is for a smaller amount does not require that it be held invalid: 20 PS §180.7(1); Witmer Estate, 62 Dauph. 246; 2 Fiduc. Rep. 113.

The gift of the residue is made to the trustees of the University of Pennsylvania in both wills. In the prior will, the residue was to be used to support medical research by certain named departments of the University Hospital. In the probated will, the trust fund is to be used by the medical school for the support of "Fellows and Residents in training for a career in clinical medicine".

In McGuigen Estate, 388 Pa. 475, 481, it was held that section 7(1) of the Wills Act should be liberally construed in order to effectuate the purpose of the act, which was to modify the prior harsh law and to promote justice. Therefore, it is held that the gift of

the residue under section fourth of the will is valid.

The account reports the receipt of certain stock dividends of less than six percent which have been allocated to principal. The accountant takes the position that these dividends are not allocable to income under the provisions of the Principal and Income Act of July 3, 1947, P. L. 1283, as amended, 20 PS §3470.5, since that act refers to such dividends "made to a trustee", and thus does not apply to such dividends received by an executor.

Although there is yet no precedent on this point, the position taken by the accountant is not correct. While it is true that the act referred to specifically addresses itself to dividends paid to a trustee, there would be little purpose in having a different rule for dividends paid to an executor when the executor is a mere conduit through which the funds pass from testator to the trustee. The dividends referred to are hereby directed to be transferred from principal to income.